```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| Mark A. BROWN, : | |
| : | CIVIL ACTION |
| Petitioner, : | NO. 13-3068 |
| : | |
| v. : | |
| : | |
| John KERESTES, et al., : | |
| : | |
| Respondents. : | |

## ORDER

**AND NOW**, this **26th** day of **May, 2021**, upon careful and independent consideration of the pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski and Petitioner's objections thereto, it is hereby **ORDERED** that:

1. The Report and Recommendation (ECF No. 37) is **APPROVED and ADOPTED**;

2. Petitioner's Objections (ECF No. 43) are **OVERRULED**;[1]

3. The Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED and DISMISSED**;

4. There is no basis for the issuance of a certificate of appealability; and

5. The Clerk of Court is **DIRECTED** to mark the case **CLOSED**.

**AND IT IS SO ORDERED.**

/s/ Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**

---

[1] Judge Sitarski's Report and Recommendation ("R&R") recommends that the instant habeas petition be dismissed. Pro se Petitioner raises six objections to the R&R. The Court reviews de novo the portions of the R&R to which Petitioner objects. See 28 U.S.C. § 636(b)(1). For the reasons set forth below, the Court will overrule Petitioner's objections and will approve and adopt the R&R.

First, Petitioner objects to the R&R's conclusion that the Superior Court was reasonable in rejecting his argument that his murder and arson charges were "inextricably intertwined" with his corrupt organizations charge. A jury convicted Petitioner on all three counts, but he was subsequently granted habeas relief on the corrupt organizations charge and re-sentenced.

The Superior Court concluded that the charges were not "inextricably intertwined" because evidence of Petitioner's drug ring would have been admissible at trial to establish motive, even without the corrupt organizations charge. See Pa. R. Evid. 404(b).

The Court agrees with the R&R that this decision was neither contrary to nor an unreasonable application of clearly established federal law. See R&R 12.

Second, Petitioner objects to the R&R's conclusion that grounds two, three, and four of his habeas petition are inadequately developed. Petitioner's second ground for habeas relief argues that his conviction was "obtained on a factual basis different than as charged," his third ground alleges the "[j]ury instruction improperly shifted the burden of proof," and his fourth ground asserts a "[c]onviction of less than proof beyond a reasonable doubt of every element of the crime charged." Habeas Pet. 7, 9-10.

The "supporting facts" section for each of these grounds repeats the same factual argument Petitioner used to support ground one, stating only: "Petitioner's conviction on the charge of Corrupt Organization has been set aside leaving murder in the first degree and arson which were inextricably intertwined and considered as part of one prosecution which included the same set of jury instruction on all charges." Habeas Pet. 7, 9-11.

The Court agrees with the R&R that grounds two, three, and four are inadequately developed. See R&R 13. To the extent Petitioner also objects to the R&R's analysis of the merits of grounds two, three, and four, the Court agrees with and will adopt that aspect of the R&R as well. See R&R 13-15.

Third, Petitioner objects to the R&R's conclusion that his ineffective assistance of counsel claims are foreclosed from further review. Petitioner avers trial counsel was ineffective for failing to follow the Vienna Convention (ground five), failing to fully and adequately inform him of his right to testify (ground six), and failing to request a directed verdict when Petitioner's co-defendants were acquitted (ground seven). Habeas Pet. 12-13.

The Court agrees with the R&R that these claims are procedurally defaulted and that Petitioner has not shown cause for why the procedural default should be set aside. See R&R 16-21.

Fourth, Petitioner objects to the R&R's conclusion that his Vienna Convention claim is meritless. This claim (ground five) alleges that Article 36 of the Vienna Convention was violated because although Petitioner was a Jamaican national at the time of his arrest, the Jamaican Consulate was not notified of his arrest. Habeas Pet. 12.

The Court agrees with the R&R that, even assuming Article 36 grants Petitioner individually enforceable rights, Petitioner's claim fails because he has not shown that the failure to contact the Jamaican Consulate prejudiced him. See R&R 18-20.

Fifth, Petitioner objects to the R&R's conclusion that he has not shown that he was prejudiced by trial counsel's alleged failure to adequately explain his right to testify (ground six).

The Court agrees with the R&R that even if counsel did fail to fully inform Petitioner of his right to testify, the habeas petition does not adequately explain how such an error impacted Petitioner's case. See R&R 20; see also Palmer v. Hendricks, 592 F.3d 386, 399 (3d Cir. 2010) (concluding that the petitioner failed to make an adequate showing that he was prejudiced by his attorney's alleged failure to advise him of the right to testify); see also Ruiz v. Superintendent Huntingdon SCI, 672 F. App'x 207, 211 (3d Cir. 2016) ("[P]rejudice is not presumed where counsel fails to advise a client of his right to testify. Rather, the prejudicial effect of this failure depends on the significance of the facts to which the defendant might have testified . . . . " (citing Palmer, 592 F.3d at 399)).

Finally, Petitioner objects to the R&R's conclusion that his ineffectiveness claim related to counsel's failure to request a directed verdict (ground seven) lacks merit.

The Court agrees with the R&R that trial counsel's decision not to request a directed verdict does not constitute ineffectiveness because such a motion would almost certainly have been unsuccessful. See R&R 21.

For the reasons set forth above, the Court will overrule Petitioner's objections and will approve and adopt the R&R.