**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARK A. BROWN,** | : | |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO.  13-CV-3068** |
| | : | |
| **JOHN KERESTES**, *et al.,* | : | |
| **Respondents.** | : | |

<u>**MEMORANDUM**</u>

**ROBRENO, J.**                                                 **DECEMBER 16, 2022**

*Pro se* Petitioner Mark A. Brown, a prisoner in state custody serving a life sentence for first-degree murder and a term of years for related convictions, has filed a Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b).  (*See* ECF No. 53.)  Brown seeks to reopen the judgment dismissing his Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254.  Because the Motion must be deemed to be an unauthorized second or successive habeas petition over which this Court lacks jurisdiction, the Motion is dismissed.

**I.      BACKGROUND**

The procedural history and factual background of Brown's conviction is fully set forth in the Report and Recommendation prepared by Magistrate Judge Lynn A. Sitarski.  (ECF No. 37.)  Accordingly, the Court outlines only the information necessary to place the instant Motion in context.  As part of her Report, Magistrate Judge Sitarski recommended that Ground Six of Brown's habeas corpus petition, asserting that trial counsel was constitutionally ineffective for failing to explain to Brown that he had a right to testify in his own defense, was both procedurally defaulted and meritless.  As part of the procedural default analysis, Magistrate Judge Sitarski determined that because the claim was found to be untimely when Brown attempted to raise it on PCRA review, the claim was procedurally defaulted on federal habeas

review.  (*Id*. at 16-17.)  Nonetheless, as part of a determination whether the claim could be resurrected under the narrow holding of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) due to PCRA counsel's alleged ineffectiveness in failing to raise the trial counsel ineffectiveness issue, Magistrate Judge Sitarski also had cause to analyze whether the underlying claim was meritorious.  (ECF No. 37 at 20 (analyzing under *Martinez* whether Brown could show the underlying trial counsel ineffectiveness issue was '"substantial,' meaning that it has 'some merit'").)  Magistrate Judge Sitarski recommended that the claim of trial counsel ineffectiveness was meritless (stating that because Brown "has failed to show that counsel's alleged error prejudiced his trial, his claim fails under [the test in] *Strickland* [*v. Washington*, 466 U.S. 668, 687 (1984)]  and is without merit"), and that the claim, therefore, was not "substantial" under the *Martinez* analysis.  (*Id*. at 17.)  The Court adopted the Report and Recommendation, overruling Brown's objection with regard to this issue.  (*See* ECF No. 48 at 3, n.1 ("The Court agrees with the R&R that even if counsel did fail to fully inform Petitioner of his right to testify, the habeas petition does not adequately explain how such an error impacted Petitioner's case [because he could not demonstrate the prejudice prong of *Strickland*]".).)

In the current Motion, Brown seeks relief pursuant to Rule 60(b) based on the issue concerning trial counsel and PCRA counsel ineffectiveness for failing to adequately explain his right to testify at trial.  He asserts that PCRA counsel should have recognized that a violation of *Strickland* occurred at trial, and it was unreasonable under *Martinez* for him not to raise the issue of trial counsel ineffectiveness in the PCRA process.  (ECF No. 53 at 5-7.)[1]

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

## II.      STANDARDS

### A.      Federal Rule of Civil Procedure 60

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative
> from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have
> been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
> misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an
> earlier judgment that has been reversed or vacated; or applying it prospectively is
> no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Rule 60(c) in turn provides the timing within which a Rule 60(b) motion must be made:  either within a year of the entry of order or judgment from which the motion seeks relief if the motion is made pursuant to Rule 60(b)(1), (2), or (3), or "within a reasonable time" if the motion is made under any other provision.  Fed. R. Civ. P. 60(c).

### B.      Second or Successive Habeas Petitions

Because this is a federal habeas action, the Court must evaluate whether the Rule 60(b) Motion is actually an unauthorized second or successive habeas petition.  That is because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in relevant part at 28 U.S.C. § 2244(b), mandates that before a state prisoner may file a second or successive habeas petition in which he challenges a judgment of sentence that he previously challenged in a federal habeas action, he must first obtain an order from the appropriate court of appeals authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3)(A); *see, e.g.,* *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); *United States v. Winkelman*, 746 F.3d 134, 135 (3d Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam).  Importantly,

AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas applications that are second or successive.  *See, e.g.,* *Burton v. Stewart*, 549 U.S. 147 (2007).  A habeas petitioner cannot avoid AEDPA's second or successive gatekeeping mechanism by raising habeas claims in a filing that he designates as a Rule 60(b) motion.  Brian R. Means, FEDERAL HABEAS MANUAL § 11:42, Westlaw (database updated May 2019) (a habeas petitioner "is not permitted to circumvent AEDPA's second or successive petition requirements simply by labeling the petition or motion as something other than what it is.").

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the United States Supreme Court addressed the circumstances in which the utilization of Rule 60(b) is "inconsistent with" AEDPA's second or successive petition requirements and, as a consequence, not available to a state prisoner seeking habeas relief.[2]  It explained that a Rule 60(b) motion must be construed as a "second or successive habeas corpus application" when it advances one or more "claims."  *Id.*, 545 U.S. at 531-32 (quoting § 2244(b)(1) and (2)).  "In most cases," the Supreme Court observed, "determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple."  *Id.* at 532.  "A motion that seeks to add a new ground for relief . . . will of course qualify."  *Id.*  The Supreme Court further instructed that a petitioner is also advancing a habeas claim in a Rule 60(b) motion if he "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the

---

[2] "Rule 60(b), like the rest of the Rules of Civil Procedure, applies in habeas corpus proceedings under 28 U.S.C. § 2254 only 'to the extent that [it is] not inconsistent with' applicable federal statutory provisions and rules.'"  *Gonzalez*, 545 U.S. at 529 (footnote omitted, bracketed text added by Supreme Court) (quoting what is now Rule 12 of the Rules Governing Section 2254 Cases).

statutes, entitled to habeas relief." *Id.* (footnote omitted).  Similarly, a motion that seeks to present newly discovered evidence in support of a claim that was previously denied represents a habeas claim.  *Id.*

In contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling made by the district court that precluded a merits determination of the habeas petition, or "challenges a defect in the integrity of the federal habeas proceedings," such as an assertion that the opposing party committed fraud upon the court.  *Id.* at 532 and n.4.

## III.    DISCUSSION

Because, pursuant to 28 U.S.C. § 2244(b)(2), a federal court does not possess jurisdiction to review an unauthorized second or successive habeas petition cloaked as a Rule 60(b) Motion, the threshold question before the Court is whether Brown's Rule 60(b) motion is a true Rule 60(b) motion, or, in reality, a successive habeas petition.  The answer to this question is clear. The issue of whether trial counsel was constitutionally ineffective for failing to explain Brown's right to testify was adjudicated on the merits even though it was alternatively determined to be procedurally defaulted.  Because there was a merits determination of the issue, Brown's Rule 60(b) Motion must be construed as an unauthorized second or successive habeas petition to the extent that in it he is challenging his judgment of sentence.  Because Brown has not received authorization from the Court of Appeals to file another federal habeas petition in order to attack that judgment of sentence, this Court lacks jurisdiction to consider those claims.

An appropriate Order dismissing the Rule 60(b) Motion for lack of jurisdiction and

finding no probable cause to issue a certificate of appealability follows.

**BY THE COURT:**

*Eduardo C. Robreno*

**EDUARDO C. ROBRENO, J.**